### VALERIA C. PALMER *vs.* JAMES H. PALMER.

A., the owner of certain realty, conveyed three undivided fourth parts of it to B., C., and D., one fourth to each. These deeds were not recorded, and A. subsequently sold the whole realty to another party, made conveyance of it, and received the price of it. All of which was done by agreement between A., B., C., and D.

B. soon after died, and B.'s widow brought *assumpsit* against A. to recover the value of her dower in B.'s undivided quarter of the land out of the purchase money received by A.

*Held,* that the action could not be maintained.

*Held,* further, that A. was liable to account to B.'s administrator not to B.'s widow.

ASSUMPSIT to recover the cash value of the plaintiff's dower from funds in the defendant's possession. Heard by the court on the following statement of facts signed by the attorneys of the litigants :

"By deed dated May 1, 1872, Francis M. Andrews conveyed to Isaac Palmer, the husband of the plaintiff Valeria C. Palmer, one undivided fourth part of seven lots of land in the city of Providence, designated as lots 56, 57, 58, 59, 89, 90, and 91, on the William Thurber 2d Plat, recorded in plat book 10, page 2. On the same day said Andrews conveyed another undivided fourth part of said lots to the defendant James H. Palmer, and another undivided fourth part to one Frederick A. Brown. By some arrangement between themselves and said Andrews, of which the plaintiff was ignorant, said Isaac Palmer, James H. Palmer, and Frederick A. Brown did not put said deeds on record until June 4, 1875, although the plaintiff knew of the existence of said deed to her said husband soon after it was executed, but did not know that it was not recorded. March 24, 1875, said Andrews, with the knowledge of said James H. Palmer, Frederick A. Brown, and Isaac Palmer, conveyed said lots 56, 57, 58, and 59 to the city of Providence for $5,320, which sum was paid by said city to said defendant James H. Palmer. At the time of the execution of the deed of Andrews to the city, said Isaac Palmer was in the South for his health, returning to Providence about April 1, 1875, where

he died April 11, 1875, intestate, leaving his wife, the plaintiff, living. William Whitcomb was appointed administrator on. the estate of said Isaac Palmer. James H. Palmer paid to the said administrator $763.21 out of the $1,330 received by him for Isaac Palmer's one quarter interest in said lots."

*July* 19, 1883. Per Curiam. The land was converted into money in the lifetime of the plaintiff's husband and with his consent, and the purchase money therefor was received by the defendant as the agent of the husband. We think he was bound to account with the husband for the money at any time during his life, and on his death to account with his administrator. This action proceeds on the claim that he was liable to account with the widow for some part of the fund, since otherwise the action could not be maintained either for money had and received, or on an implied promise growing out of the facts stated in the declaration and the agreed statement of facts. But we are unable to perceive any obligation on his part to account with the widow. An action by the administrator might clearly have been maintained against him, and since dower cannot at law be granted out of money, it seems clear that no action by the widow could have been so maintained. 1 Bishop on Married Women, § 465. The defendant therefore has done only what he was compellable to do, and hence is not liable. Judgment will be for the defendant for costs. *Judgment for defendant for costs.*

*Charles H. Parkhurst*, for plaintiff.

*William B. W. Hallett*, for defendant.